UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| JOSEPH ALAN JAMES, | ) |
| Petitioner, | ) Civil Action No. 5:19-346-DCR |
| v. | ) |
| FRANCISCO QUINTANA, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate/Petitioner Joseph Alan James is currently confined at the Federal Medical Center ("FMC")-Lexington in Lexington, Kentucky. Proceeding without an attorney, James has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he seeks to challenge the validity of his conviction. [Record No. 1] This matter is pending for initial screening as required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

In October 2015, pursuant to a plea agreement with the United States, James pled guilty in the United States District Court for the District of Minnesota to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced in March 2016 to a term of imprisonment of 78 months. James did not appeal his conviction or sentence. In February 2017, however, James filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court denied the motion and declined to issue a

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

-1-

certificate of appealability.  Although James appealed the district court's decision to the United States Court of Appeals for the Eighth Circuit, the appellate court denied his application for a certificate of appealability and dismissed the appeal.  *United States v. Joseph Alan James*, No. 0:15-cr-255-SRN-1 (D. Minn.).

In his § 2241 petition filed with this Court, James argues that his conviction is invalid in light of the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because the government did not show that he knew that he belonged to a category of persons prohibited from possession of a firearm or ammunition at the time that he committed his crime.  [Record No. 1]  However, on July 8, 2019 (prior to filing his § 2241 petition in this Court), James submitted a petition to file a second or successive habeas petition pursuant to 28 U.S.C. § 2255 in the United States Court of Appeals for the Eighth Circuit, also seeking relief from his conviction in light of *Rehaif*.  *Joseph James v. United States*, No. 19-2434 (8th Cir. 2019).[2]  The government has filed a response opposing the petition and James recently filed a reply to the response.  The matter is currently pending for decision by the Eighth Circuit Court of Appeals.

James' § 2241 petition filed in this Court will be denied because his motion for relief pursuant to 28 U.S.C. § 2255 remains pending.  The correct mechanism for a federal prisoner to challenge his or her conviction or sentence is through a motion to vacate filed pursuant to 28 U.S.C. § 2255(a).  *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  *See also United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction

---

[2] This Court may "take judicial notice of proceedings in other courts of record" and, therefore, may review the record in the prior action on screening of petitioner's habeas petition.  *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980); *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).  *See also* Fed. R. Evid. 201(b)(2).

between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review..."). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez*, 16 F. App'x at 360.

Here, James' motion to file a second or successive §2255 petition challenging his conviction in light of *Rehaif* – the exact issue presented in his § 2241 petition – is presently pending before the Eighth Circuit Court of Appeals, rendering resort to a § 2241 petition to obtain the same measure of relief in this Court premature. *See Pullen v. Ormond*, No. 18-6171 (6th Cir. Sept. 5, 2019) (petitioner could not make a colorable argument that his remedy under § 2255 was "inadequate or ineffective" for purposes of filing a § 2241 petition when a pending § 2255 motion may render his claims in his § 2241 petition moot). *See also Smith v. United States*, 89 F.3d 835 (6th Cir. 1996) (unpublished disposition).

Because James' pending request to file a § 2255 petition may render his claims in this proceeding moot, he must complete the process of seeking relief via § 2255 before he may

make even a colorable argument that his remedy under that section is "inadequate and ineffective." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *White v. Grondolsky*, No. 6: 06-309-DCR, 2006 WL 2385358, at *3 (E.D. Ky. Aug. 17, 2006). Accordingly, it is hereby

**ORDERED** as follows:

1. James' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED** without prejudice.

2. This action is **STRICKEN** from the Court's docket.

Dated: September 27, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky